SMITH *versus* TAYLOR & al.

Where a note was given for the interest on a bond, and afterwards another bond and note was made in lieu of the former; in an action on the latter note, it is proper for the jury to examine both bonds, to ascertain if the interest had been paid otherwise than by the note.

A note given in renewal of one, which in fact had been paid, is without consideration.

The relinquishment of an *attachment* is a sufficient consideration for a note.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT, on a promissory note. The general issue was pleaded.

Evidence was offered in defence tending to show that the note in suit was given for a former note, signed by Taylor,

the principal defendant, to one Nathaniel Smith, deceased, of whom plaintiff was administrator. That Nathaniel, the deceased, in May, 1849, gave to Taylor a bond to convey to him a farm occupied by him, on the fulfillment of the conditions therein specified. That an attachment had been made of Taylor's real estate by suit on the former note. That two days before that bond expired, the attachment then existing, the old note was given up, and the note in suit given in lieu of it. That Taylor protested at the time there was no consideration for it, and that the old note had been paid.

The defendant insisted that the former note was given for the interest on the bond, and when the interest was paid the note was to be given up, and that the interest had all been paid on the bond. To prove this he offered another bond of nearly the same tenor of the one above, dated prior thereto, on which $120 had been indorsed at different times, both bonds being conditioned for the payment of the interest on the sums of money therein set forth from February 12, 1847.

The instructions, which were excepted to by plaintiff, are recited in the opinion of the Court.

*Bourne,* in support of the exceptions.

*Tapley, contra.*

APPLETON, J. — Both bonds, with the indorsements thereon, were properly before the jury. They were instructed that, " for the purpose of ascertaining whether the whole interest has been paid, otherwise than by the note, for which the one in suit was said to be given, they might examine both the bonds and the indorsements made upon them." To this there can be no objection. The jury may have erred as to the probative force of the testimony, but that error cannot be corrected by us upon exceptions.

It is difficult to perceive any well grounded cause of complaint to the instruction " that if satisfied the note in suit was given for the note of July 12, 1849, for $150, and that

the last named note was given to be applied to pay the interest and principal on the bond, and that the whole amount of that interest and principal had been paid without the application of that note, the plaintiff would not be entitled to recover."

The jury were further instructed "with respect to the attachment, that the relinquishment of an attachment by which any valuable interest was secured, would be a sufficient consideration for a note; that they would consider whether the testimony proved, that the relinquishment of the attachment constituted any part of the consideration of the note of 1849, and whether the note was due at the time, and if they should be satisfied, that the relinquishment of the attachment did not constitute a part of the consideration of the note in suit, or if it did, that the attachment was made on a writ founded on a note not due, that then the relinquishment by giving a new note for that one would not constitute a sufficient consideration."

The jury must have found that the relinquishment of the attachment constituted no part of the consideration of the note in suit, and that the attachment was made on a writ founded on a note not due, for had not both these facts been found adversely to the plaintiff, the verdict must have been in his favor.

If the relinquishment of the attachment formed no part of the consideration, that relinquishment must be regarded as unimportant in its bearing upon the case. Whether it did or did not enter into the consideration of the note was properly left to the jury.

If the note for which the one in suit was given, was not due, the relinquishment of the attachment forming no portion of its consideration, then it will be difficult to perceive in what its consideration consisted. In *Wade* v. *Simeon*, 2 C. B. 548, TINDALL, C. J., said "it is almost *contra bonos mores*, and certainly contrary to all principles of natural justice, that a man should institute proceedings against another, when he is conscious he has no good cause of action. In

order to constitute a binding promise, the plaintiff must show a good consideration, something beneficial to the defendant, or detrimental to the plaintiff. Detrimental to the plaintiff it cannot be if he has no cause of action; beneficial to the defendant it cannot be; for in contemplation of law, the defence upon such an admitted state of facts *must* be successful, and the defendant will recover costs, which must be assumed to be a full compensation for all the legal damages he may sustain. The consideration therefor altogether fails." In *Wilbur* v. *Crane*, 13 Pick. 284, the note in suit was given to settle a bastardy process, commenced by and in the name of a married woman, and for the settlement of which she gave a discharge. It was urged that the process was at any rate only voidable and not void, and that the surceasing the suit was a sufficient consideration. "We consider it," remarks WILDE, J., "immaterial whether the process was void or only voidable by plea of abatement. If the defendant had a legal right to defeat the process, the surceasing the suit was not a valid consideration to support the note." The same doctrine was held in *Gould* v. *Armstrong*, 2 Hall, 266. The case, as presented by the instructions, is simply one of giving a note in renewal of one without consideration, or which had been paid, in which case, the new note is clearly without consideration.

The compromise of a suit, where the legal right is doubtful, is undoubtedly a valid consideration for a promise to pay a sum of money for its abandonment. In such case the inequality of consideration constitutes no valid objection. But in the present case no such question is presented for our consideration.          *Exceptions overruled.*

*Judgment on the verdict.*